Daniel R. Watkins, Esq.
Nevada State Bar No. 11881
dw@wl-llp.com
Melinda Weaver, Esq.
Nevada State Bar No. 11481
mweaver@wl-llp.com
WATKINS & LETOFSKY, LLP
8935 S. Pecos Rd., Ste. 22A
Henderson, NV 89074
Office: (702) 901-7553; Fax: (702) 974-1297

Attorneys for Plaintiff, Elissa Coambs

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ELISSA COAMBS,<br><br>              Plaintiff,<br><br>vs.<br><br>LAS VEGAS MEDICAL RESEARCH, LLC; a Domestic Limited-Liability Company and DOES 1-50,<br><br>              Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(DEMAND FOR JURY TRIAL)** |

COMES NOW, Plaintiff, Elissa Coambs (herein "Plaintiff") and files this civil action against Defendants and each of them, for violations of The American with Disabilities Act, 42 U.S.C. §12112 et seq., as well as violations under Nevada Revised Statutes §613.330 et seq.; and related claims under Nevada law, seeking damages, and alleges as follows:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction and venue over this action pursuant to The Americans with Disabilities Act, 42 U.S.C. §12112 et seq., which confers original jurisdiction on federal district courts in suits to address the deprivation of rights, privileges and immunities secured by the United States Constitution and federal law.

///

///

2.      Jurisdiction of this Court is also appropriate under any related claims under Nevada law.

3.      Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

4.      Plaintiff has exhausted her administrative remedies.

5.      All conditions precedent to jurisdiction under section 29 U.S.C. §12112 et seq. have occurred or been complied with:

a.  A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein and / or within 300 days of Plaintiff instituting proceedings with a State or local agency with authority to grant or seek relief from such unlawful employment practices alleged herein;

b.  A Notice of Right to Sue in Federal Court was received from the EEOC, dated May 16, 2022. (A true and correct copy of said letter is attached and incorporated herein as Exhibit "1".)

6.      This complaint is filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

7.      Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

**PLAINTIFF**

8.      Plaintiff, Elissa Coambs was a qualified/eligible "employee" of Defendant, Las Vegas Medical Research, LLC., within the meaning of The American with Disabilities Act, 42 U.S.C. §12112 et seq., and Nevada Revised Statutes §§ 608.010 and 613.010 et seq.; and related claims under Nevada law.

//

**DEFENDANTS**

9.      Plaintiff is informed and believes that Defendant, Las Vegas Medical Research, LLC, is a domestic limited liability company qualified to do business in Nevada. Defendant employs 15 or more employees and is an "employer" within the meaning of 42 U.S.C. 1981, 42 U.S.C. 12112 et seq., and Nevada Revised Statutes §§ 608.010 and 613.010 et seq. and related claims under Nevada law.

10.      Plaintiff alleges that this is the proper court because the violations of Nevada law took place at or near Defendant's local offices, located at 8530 West Sunset Road, Suite 300, Las Vegas, NV, 89113.

11.      Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50, inclusive. The Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. Plaintiff will seek leave to amend this Complaint when the true names, capacities, participation, and responsibilities have been ascertained.

12.      Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, the defendants named in this action, as well as the fictitiously named defendants, and each of them, were agents and employees of the remaining defendants, and in doing the things hereinafter complained of, were acting within the course and scope of such agency and/or employment and with the knowledge and consent of the remaining defendants.

**STATEMENT OF FACTS**

13.      On or about July 12, 2021, Plaintiff was hired by the Defendant as a Clinical Research Coordinator. Plaintiff applied for, and was hired, to work on an Alzheimer's disease study.

14.      It was understood between the parties that Plaintiff would receive additional training for the Alzheimer's study.  Until that training was completed, Plaintiff would work on a Covid-19 study, which was a less desirable position. However, Plaintiff was willing to work on the Covid-19 study until her training for the Alzheimer's study was completed.

15.     Plaintiff has Tourette Syndrome, which is a neurological disorder characterized by sudden, rapid, and unwanted movements or vocal sounds called "tics."

16.     Over the years, Plaintiff has been able to control her tics and it is not generally visible to the outside observer. However, Plaintiff's condition can be aggravated by stress and she infrequently needed to take brief periods of time away from work to manage the symptoms of her condition.

17.     While employed by the Defendant, Plaintiff would infrequently need to take brief periods of time away from work to manage her symptoms.  She would never leave work without all of her projects and tasks completed, and she utilized her paid time off (PTO) for those hours. Plaintiff's immediate supervisor, Tina Martinez, was aware of Plaintiff's condition.

18.     During the course of her employment, Defendant was exposed to Covid-19 and was required to quarantine away from work. Due to this mandatory quarantine, she utilized the majority of her PTO.

19.     On or about September 23, 2021, Plaintiff approached Dr. Bharat Mocherla, who oversaw all of Defendant's projects, regarding accommodations for her disability. She had intended to ask for additional PTO to manage her Tourette's symptoms given that she lost the majority of her PTO due to a mandatory Covid quarantine.

20.     When Plaintiff attempted to discuss the accommodations with Dr. Mocherla, he interrupted her and informed Plaintiff that Tina Martinez had already informed him that Plaintiff had Tourette Syndrome.  Dr. Mocherla then stated that Plaintiff would no longer permit her to work on the Alzheimer's disease project, for which she was hired, because he baselessly concluded that her disability would "scare the patients." Regulating Plaintiff to the Covid study was considered a demotion and was not what she was hired to do.

21.     Dr. Mocherla refused to discuss Plaintiff's request for accommodations and made derogatory statements about her disability based on societal stereotypes of people with Tourette Syndrome.

//

//

22.     Plaintiff was very upset about the stressful conversation and informed Dr. Mocherla that she was taking the rest of the day off to manage her Tourette's symptoms.  Dr. Mocherla responded "Okay."

23.     Later that day, Plaintiff received several test messages from Tina Martinez asking her to return to work. She was then told if she did not return to work that day she would be fired. Plaintiff explained the situation to Ms. Martinez, namely that she was managing the symptoms of her disability, that she had valid PTO for the time she was taking and did not leave any projects or work unfinished.

24.     Plaintiff did not return to work that day and was terminated. Plaintiff's discharge letter did not have a reason for termination.

## COUNT I

**AMERICANS WITH DISABILITIES ACT—DISCRIMINATION**
**Americans with Disabilities Act (42 U.S.C. §12101 et seq.)**
**Nev. Rev. Stat. §613.330 *et seq.***

25.     Plaintiff hereby incorporates the preceding paragraphs of this Complaint as though fully set forth herein.

26.     The Americans with Disabilities Act, 42 U.S.C. §12101, *et. seq.* prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  (42 U.S.C. §12112.)

27.     Plaintiff had a disability within the meaning of the Americans with Disabilities Act ("ADA"). A "disability" under the ADA is a physical or mental impairment or being regarded as having a physical or mental impairment that substantially limits one or more of the major life activities of such individual.  The terms disability and physical or mental impairment include (1) any physiological disorder, or condition affecting one or more of the following body systems:  neurological, musculoskeletal, and others; or (2) any mental or psychological disorder such as emotional or mental illnesses, among others.

28.     Plaintiff was a qualified individual, meaning she is an individual with a disability, Tourette Syndrome, who, with or without a reasonable accommodation, can perform the essential functions of being a Clinical Research Coordinator for the Defendant.  At all times during her employment, Plaintiff satisfied the requisite skill, experience, education, and other job-related requirements of the employment position and could perform the essential functions of the position, with or without reasonable accommodations.

29.     Defendant owed Plaintiff reasonable accommodation(s) to assist her with her job.  Such reasonable accommodations were available and would not have constituted an undue hardship on the operation of Defendant's business.

30.     Plaintiff was qualified for the position as a Clinical Research Coordinator and was hired with the expectation that she would receive training on any skill sets required to work on the Alzheimer's project, and she was able to perform the essential functions of her job with or without a reasonable accommodation.

31.     Plaintiff was subjected to adverse employment action described herein because of her disability and/or her requests for accommodation and the adverse employment action would not have occurred but for that disability and/or request for accommodation.

32.     Defendant reacted by depriving Plaintiff of her rights and benefits under the Americans with Disabilities Act (42 U. S. C. § 12101 et. seq.) by treating her differently after she requested an ADA accommodation.

33.     As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination and retaliation against Plaintiff, she suffered and will continue to suffer pain, humiliation, and emotional distress.

34.     Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

35.     Plaintiff requests relief as described in the Prayer for Relief below.

//

//

//

## COUNT II

### AMERICAN'S WITH DISABILITIES ACT—FAILURE TO PROVIDE A REASONABLE ACCOMMODATION
### Americans with Disabilities Act (42 U.S.C. § 12101 et. seq.)
### Nev. Rev. State 613.330 et. seq.

36.   Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

37.   The Americans with Disabilities Act, 42 U.S.C. §12101, *et. seq.* prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  (42 U.S.C. §12112.)

38.   Plaintiff had a disability within the meaning of the Americans with Disabilities Act ("ADA"). A "disability" under the ADA is a physical or mental impairment or being regarded as having a physical or mental impairment that substantially limits one or more of the major life activities of such individual.  The terms disability and physical or mental impairment include (1) any physiological disorder, or condition affecting one or more of the following body systems:  neurological, musculoskeletal, and others; or (2) any mental or psychological disorder such as emotional or mental illnesses, among others.

39.   Plaintiff has Tourette Syndrome, which required minimal accommodations to manage the condition.

40.   Plaintiff is a "qualified individual" entitled to the ADA's protections, because Plaintiff is an individual with a disability, Tourette Syndrome, who, with or without a reasonable accommodation, can perform the essential functions as a Clinical Research Coordinator for the Defendant.  At all times during her employment, Plaintiff satisfied the requisite skill, experience, education, and other job-related requirements of the employment position and could perform the essential functions of the position, with or without reasonable accommodations.

//

//

41.     Plaintiff was subjected to the adverse employment action described herein because she requested a reasonable accommodation for her known limitations and was an otherwise qualified individual with a disability.

42.     Defendant failed to satisfy its duty to engage in the interactive process when Plaintiff informed Defendant of her qualifying medical condition and Defendant refused to discuss reasonable accommodations with the Plaintiff.

43.     Because Defendant failed to engage in the interactive process, the motivating factor was based on *animus* of the Plaintiff's disability or request for an accommodation.  As a result, Plaintiff suffered adverse employment action because of her disability.

44.     Defendant reacted by depriving Plaintiff of her rights and benefits under the Americans with Disabilities Act (42 U. S. C. § 12101 et. seq.) by treating her differently after she requested an ADA accommodation.

45.     Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

## COUNT III

### AMERICAN'S WITH DISABILITIES ACT——RETALIATION
### Americans with Disabilities Act (42 U.S.C. § 12101 et. seq.)
### Nev. Rev. State 613.330 et. seq.

46.     Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

47.     The Americans with Disabilities Act (42 U.S.C. §1201 et. seq.)  prohibits an employer from retaliating against an employee who seeks an accommodation in good faith.

48.     Here, Plaintiff participated in a "protected activity" when she provided her medical diagnosis of Tourette Syndrome to the Defendant and requested an accommodation for her disability.

49.     Thereafter, Plaintiff experienced an adverse employment action when she was first demoted to the Covid study and then terminated.

//

50.     Plaintiff's demotion and termination were causally connected to her protected activity of seeking an accommodation.

51.     As a direct and proximate result of Defendant's retaliation against Plaintiff, she suffered and will continue to suffer pain, humiliation, and emotional distress.

52.     Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays that this Court grant the following relief:

A.     Economic Loss for Back Pay and Front Pay, plus prejudgment interest;

B.     Compensatory Damages in accordance with 42 U.S.C. §12117, 42 U.S.C. §1983, and other applicable statutes;

C.     Reasonable attorneys' fees pursuant to 42 U.S.C. §12205 and other applicable statutes.

D.     Punitive Damages.

E.     Costs of suit incurred herein; and

F.     Such other and further relief as the court deems just and proper.


DATED this 12th day of August 2022.

WATKINS & LETOFSKY, LLP


*/s/ Daniel Watkins*
By:     _____
Daniel R. Watkins, Esq.
Melinda Weaver, Esq.
S8935 S. Pecos Rd., Suite 22A
Henderson, Nevada 89074
Office:(702) 901-7553; Fax: (702) 974-1297
Attorneys for Plaintiff, Elissa Coambs.

# _Exhibit 1_

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  Ms. Elissa C. Coambs
c/o Melinda Weaver, Esq.
8935 S. Pecos Road, #22A
Henderson, NV 89074

From:  Los Angeles District Office
255 East Temple St, 4th Floor
Los Angeles, CA 90012

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2022-00119 | Karrie Maeda,<br>State, Local & Tribal Program Manager | (213) 785-3002 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ Less than 180 days have elapsed since the filing date. I certify that the Commission's processing of this charge will not be completed within 180 days from the filing date.

☑ The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By:Christine Park-Gonzalez
05/16/2022

**Christine Park-Gonzalez**
**Acting District Director**

Enclosures(s)

cc:  **LV Medical Research Center**
c/o Bharat Mocherla, Esq.
8530 W. Sunset Rd., #300
Las Vegas, NV 89113